# In the United States Court of Appeals For the Fifth Circuit

No. 24-60373

SPIRIT AIRLINES, INC.,

*Petitioner,*

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION,

*Respondent.*

On Petition for Review of a Final Rule of the
U.S. Department of Transportation
Agency No. 89 Fed. Reg. 34620

**Motion to Intervene of Frontier Group Holdings, Inc.**

    Joanne W. Young
    *Counsel of Record*
    David M. Kirstein
    Donald L. Crowell III
    KIRSTEIN & YOUNG PLLC
    1750 K Street NW, Suite 700
    Washington, DC  20006
    (202) 331-3348

    *Counsel for Spirit Airlines, Inc. and
    Frontier Group Holdings, Inc.*

# CERTIFICATE OF INTERESTED PERSONS

**No. 24-60373**, *Spirit Airlines, Inc. v. U.S. Department of Transportation*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

Crowell, Donald L., Counsel for Petitioner and Proposed Intervenor

Frontier Group Holdings, Inc., Proposed Intervenor

Geier, Paul M., Counsel for Respondent

Indigo Frontier Holdings Company, LLC, majority beneficial owner of Proposed Intervenor

Iyer, Subash, Counsel for Respondent

Kirstein, David M., Counsel for Petitioner and Proposed Intervenor

Kirstein & Young PLLC, Counsel for Petitioner and Proposed Intervenor

Spirit Airlines, Inc., Petitioner

Totaro, Martin, Counsel for Respondent

U.S. Department of Transportation, Respondent

Young, Joanne W., Counsel for Petitioner and Proposed Intervenor

Petitioner Spirit Airlines, Inc. is a publicly traded corporation with its stock publicly listed under the ticker "SAVE". It has no parent corporation. No publicly held corporation holds 10% or more of its stock.

Proposed Intervenor Frontier Group Holdings, Inc. is a publicly traded corporation with its stock publicly listed under the ticker "ULCC". It has no parent corporation. No publicly held corporation holds 10% or more of its stock.

Dated: July 26, 2024

Respectfully submitted,

/s/ Joanne W. Young
Joanne W. Young

*Counsel for Spirit Airlines, Inc. and Frontier Group Holdings, Inc.*

TABLE OF CONTENTS

Page

I. Motion to Intervene of Frontier Group Holdings, Inc. ......................................... 1

   A. Frontier satisfies the criteria for intervention as of right. ......................... 2

      1. Frontier's motion is timely. ............................................................. 2

      2. Frontier has a substantial interest in the outcome of this case. ...... 3

      3. Disposition of the case without Frontier could eliminate its ability to obtain relief, as Respondents have argued that relief is party-restricted in a related case. .................................................... 7

      4. Frontier is not adequately represented by existing parties. ........... 8

II. Frontier should be granted permissive intervention, in the alternative. ............. 9

III. Conclusion ........................................................................................................... 9

### I. Motion to Intervene of Frontier Group Holdings, Inc.

Frontier Group Holdings, Inc. (Frontier) respectfully moves for leave to intervene in support of Petitioner, Spirit Airlines, Inc. (Spirit), pursuant to Federal Rule of Appellate Procedure 15(d). Petitioner does not oppose intervention. Counsel for Respondent has advised they take no position on Frontier's motion.

Frontier satisfies the standard for intervention because it has a direct, substantial, and unique interest in this case. Through unprecedented regulatory overreach, the Department of Transportation has imposed an impossible choice on Frontier: expend unprecedented financial resources in an attempt to reinvent its technology and customer reservation systems in a time period that is not possible for a company of Frontier's size; or, face a penalty of $75,000 each time a price is displayed to a customer without showing the required optional ancillary service (Optional Service) prices on the page where the ticket price is first displayed.

The Rule requirements apply even as customers <u>already have complete access to this information through a hyperlink</u> on the front page of Frontier's website, due to pre-existing Department regulations. Both options are extreme and will irreparably harm Frontier, as well as the most price-sensitive consumers and smaller communities which Frontier primarily serves.

In a related case before this Court, challenging the same rule, the Government has argued for limiting possible relief by this Court to parties in the litigation. Resp'ts Suppl. Authorities, ECF No. 48, July 3, 2024, *Airlines for America v. Dep't of Transportation* (5th Cir. No. 24-60231). Under the dire, existential threat Frontier faces, this limitation provides an additional reason to grant Frontier's request to intervene.

## A. Frontier satisfies the criteria for intervention as of right.

A proposed intervenor as of right must show that:

1. it timely applied to intervene;
2. it has an interest relating to the property or transaction that is the subject of the case;
3. disposition of the case may practically impair or impede its ability to protect its interest; and
4. it is inadequately represented by existing parties.

*Consumers' Rsch. v. FCC*, No. 23-60525, 2023 U.S. App. LEXIS 28785, at *1 (5th Cir. Oct. 30, 2023).

### 1. Frontier's motion is timely.

This motion to intervene is timely under Federal Rule of Appellate Procedure 15(d) as filed within 30 days of the June 28, 2024 filing of Spirit's Petition for Review. It is also timely under Fifth Circuit Rule 15.5 as filed more than 14 days from the due date of Spirit's merits brief (no briefing schedule has yet been established).

### 2. Frontier has a substantial interest in the outcome of this case.

Frontier faces unique, extraordinary harm to its business due to the Rule's requirements.

First, under the Rule "airlines must share data with ticket agents … not later than … October 30, 2024." 89 Fed. Reg. 34620, 34667 (Apr. 30, 2024). This information must be shared "with those entities with whom they provide fare, schedule, and availability information and who are required to disclose this information directly to consumers." *Id.* at 34661. "The rulemaking requires that this information be made available in such a way that other entities to which they provide fare, schedule, and availability information to display or sell the carrier's flights directly to consumers have access to this information in a non-static, dynamic format such that the entities can disclose baggage fee and change and cancellation fee information to consumers during each itinerary search." *Id.* at 34673.

Second, "airlines must meet the critical ancillary service fee disclosure requirements not later than 12 months after this rule's publication date, or April 30, 2025." *Id.* at 34667. The Rule refers to critical ancillary services as "any ancillary service critical to consumers' purchasing decisions." *Id.* at 34675. Such services include: "transporting the first checked bag, the second checked bag, or a carry-on bag, the

- 3 -

ability for a consumer to cancel or change a reservation, and any other services determined, after notice and opportunity to comment, to be critical by the Secretary." *Id.* "Each U.S. air carrier, foreign air carrier, and ticket agent (except a corporate travel agent) that has an online platform marketed to U.S. consumers where it advertises or sells air transportation must clearly and conspicuously disclose on its online platform the accurate fee that applies, if any, for all critical ancillary services. . . ." *Id.* "The fee information must be provided the first time that fare and schedule information is disclosed after a consumer conducts a passenger-specific itinerary search or an anonymous itinerary search." *Id.* **The fees cannot be displayed through a hyperlink.**" *Id.* (emphasis added); *See also Id.* at 34674-77 (listing several further disclosure requirements). Today these fees are displayed through a hyperlink on the first page.

Frontier's pricing for baggage is dynamic and determined on a market basis. Prices are based on multiple factors such as demand, seasonality, and the date and time of departure. For Frontier to provide consumers with baggage pricing as the Rule requires "at the first point where a fare and schedule is provided in connection with a specific itinerary," it must completely re-engineer its booking platforms and related technology systems. This includes investing significant time and resources

for information technology (IT) development, coding, and testing required to implement the back-end systems for meeting the Rule requirements.

It likely is impossible for Frontier to meet either the October 30, 2024 or April 30, 2025 compliance dates in the Rule.

Frontier tickets are sold by various third parties, including traditional travel agencies, online travel agencies, and tour operators. These third parties use Global Distribution Systems (GDS) technology and the EDIFACT protocol to receive and transmit messages supporting ticket sales and related transactions between Frontier and the third party.

Approximately 28% of Frontier's bookings come from third party partners which exclusively utilize GDS technology. As currently developed, GDS technology does not allow Frontier to display its dynamic Optional Services prices in connection with a particular price for airfare as the Rule requires.

Frontier will need to reengineer its technology systems in order to make access to its dynamic baggage prices available to agents currently using GDS technology, for which there is no obvious technical solution using existing GDS and EDIFACT connectivity. Even with unlimited resources, Frontier cannot accomplish

these changes by the Rule's October 30, 2024 deadline. In addition, a massive reengineering of Frontier's website requiring support of third-party vendors would be required to meet the April 30, 2025 deadline for the fare display.

Even if Frontier started today, it estimates it would take at least 18 months to even come close to making the needed changes. DOT will not permit substantial compliance.

Under the Rule, Government regulators would find that Frontier commits an unfair/deceptive practice in violation of 49 U.S.C. § 41712 if it does not begin providing ticket agents which sell Frontier airfares with access to all Optional Service pricing information by the October 2024 deadline. 89 Fed. Reg. at 34667, 34674. It is impossible for Frontier and its third-party partners to reengineer their technology to share and utilize the required Optional Service pricing information by the October 2024 deadline. Frontier will be forced to either stop selling tickets through these ticket agents (**foregoing this sales channel accounting for over $1 billion of its 2023 annual revenue**) or continue selling through its GDS partners subject to penalties of **$1,738,569,863 per day** based on Frontier's 30,218,000 passengers flown in 2023 and 28% of its bookings coming from GDS partners.

Neither can the April 30, 2025 deadline be met. Frontier's information technology resources will be occupied with trying to meet the October 30, 2024 deadline

well past October 30, 2024 and will not be able to shift to redesigning and reprogramming Frontier's website until after the prior project is complete. This backlog combined with the lengthy process of software development are why Frontier estimates it will take at least 18 months to substantially comply with the website redesign requirements due on April 30, 2025. In the intervening six months, Frontier would be expected to shutter a third of its revenue stream, a burden no company of any size is readily prepared to take on.

3. **Disposition of the case without Frontier could eliminate its ability to obtain relief, as Respondents have argued that relief is party-restricted in a related case.**

Frontier faces unique burdens imposed by the Rule. In another case before this Court, the Government argued equitable relief must be party-restricted. *See* Resp'ts Suppl. Authorities, ECF No. 48, July 3, 2024, *Airlines for America v. Dep't of Transportation*, No. 24-60231 (5th Cir.). Because Frontier faces immediate compliance harm costs, as well as a likely inability to implement the burdensome requirements of the Rule by the October 2024 and April 2025 deadlines, Frontier's only hope for relief rests with a stay issued by this Court. Should this Court or the Supreme Court on appeal agree with the government that relief must be party-restricted, Frontier will be irreparably harmed by being shut out.

### 4. Frontier is not adequately represented by existing parties.

While Frontier and Petitioner Spirit both are Ultra-Low-Cost Carriers (ULCCs) and therefore share similar business hurdles, Frontier has a distinct business strategy to confront these hurdles. Frontier champions a unique business model among ULCCs. A key to Frontier's success is its substantial reliance on sales using travel agents that process tickets through GDS technology. Frontier differentiates itself from Spirit in how it connects to travel agents. Accordingly, Frontier is uniquely harmed by the Rule.

In the underlying rulemaking proceeding, Frontier filed its own comments opposing the rule and identifying specific illegalities and harm the Rule would impose on it and the traveling public it serves. Moreover, Frontier's CEO testified on the Rule. Any relief shaped in this case that does not completely strike down the rule and prevent the Department from reissuing a similar rule would result in continued harm to Frontier. Even an extension of time for compliance would mean substantial diversion of resources from Frontier's current information technology upgrades, harming it continually as it attempts to come into compliance with the Department's Rule. Frontier needs to participate in this case and present its arguments to the Court to protect its interests, as it did in the rulemaking proceeding by submitting comments.

As described above, Frontier's interests are unique and distinct from Petitioners requiring Frontier's full participation in this case, which would be in support of the issues raised by Spirit in accordance with Rule 15.

## II. Frontier should be granted permissive intervention, in the alternative.

Under Federal Rule of Civil Procedure 24(b), permissive intervention may be granted when the intervenor "has a claim or defense that shares with the main action a common question of law or fact." See *Newby v. Enron Corp.*, 443 F.3d 416, 421–23 (5th Cir. 2006). That standard, too, is easily satisfied. The factual grounds and legal arguments Spirit has raised to support its challenge of the Rule, which are likely to be at issue in this case, are common with Frontier's own understanding of the relevant issues of fact and law.

## III. Conclusion

For these reasons, Frontier respectfully requests the Court grant its motion for leave to intervene either as a matter of right or by permission.

Dated: July 26, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Joanne W. Young
　　　　　　　　　　　　　　　　　　　Joanne W. Young
　　　　　　　　　　　　　　　　　　　jyoung@yklaw.com
　　　　　　　　　　　　　　　　　　　*Counsel of Record*
　　　　　　　　　　　　　　　　　　　David M. Kirstein
　　　　　　　　　　　　　　　　　　　dkirstein@yklaw.com
　　　　　　　　　　　　　　　　　　　Donald L. Crowell III
　　　　　　　　　　　　　　　　　　　dcrowell@yklaw.com
　　　　　　　　　　　　　　　　　　　**Kirstein & Young PLLC**
　　　　　　　　　　　　　　　　　　　1750 K Street NW, Suite 700
　　　　　　　　　　　　　　　　　　　Washington, DC  20006
　　　　　　　　　　　　　　　　　　　Phone: (202) 331-3348
　　　　　　　　　　　　　　　　　　　Fax: (202) 331-3933

　　　　　　　　　　　　　　　　　　　*Counsel for Spirit Airlines, Inc. and Frontier Group Holdings, Inc.*

## CERTIFICATE OF COMPLIANCE

I hereby certify (1) this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, as calculated by Microsoft Word, it contains 1862 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), and (2) this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Charter font..

Dated: July 26, 2024

/s/ Donald L. Crowell III
Donald L. Crowell III

*Counsel for Spirit Airlines, Inc. and Frontier Group Holdings, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Circuit Rule 27.4, I hereby certify that all parties were contacted for their position on this motion and the Court's conference requirement is satisfied. Petitioner does not oppose the Motion. Respondent takes no position on the motion.

Dated: July 26, 2024

<u>/s/ Donald L. Crowell III</u>
Donald L. Crowell III

*Counsel for Spirit Airlines, Inc. and Frontier Group Holdings, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on July 26, 2024, I electronically filed the foregoing Petition for Review with the United States Court of Appeals for the Fifth Circuit through the Court's CM/ECF system.

Dated: July 26, 2024

/s/ Donald L. Crowell III
Donald L. Crowell III

*Counsel for Spirit Airlines, Inc. and Frontier Group Holdings, Inc.*