# No. 24-60231

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Airlines for America; Alaska Airlines, Incorporated; American Airlines, Incorporated; Delta Air Lines, Incorporated; Hawaiian Airlines, Incorporated; Jetblue Airways Corporation; United Airlines, Incorporated; National Air Carrier Association; International Air Transport Association,

Petitioners,

v.

Department of Transportation,

Respondent

*consolidated with*

### No. 24-60373

Spirit Airlines, Incorporated,

Petitioner,

v.

United States Department of Transportation,

Respondent.

On Petition for Review from the Department of Transportation,
89 Fed. Reg. 34,620

### RESPONDENT'S MOTION TO CONSOLIDATE BRIEFS

*Of Counsel:*
SUBASH IYER
  *Acting General Counsel*
PAUL M. GEIER
  *Acting Assistant General Counsel for Litigation and Enforcement*
BLANE A. WORKIE
  *Assistant General Counsel for the Office of Aviation Consumer Protection*
PAULA LEE
  *Senior Trial Attorney*
EMILY KVESELIS
  *Trial Attorney*
  *U.S. Department of Transportation*

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*
MICHAEL S. RAAB
MARTIN TOTARO
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7525*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-5048*

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required, as respondent is a governmental party. 5th Cir. R. 28.2.1.

Respondent U.S. Department of Transportation moves to consolidate petitioners' and intervenor's briefing in this case so that they be required to file a single, joint brief not exceeding 13,000 words and a single, joint reply brief not exceeding 6,500 words. If this Court denies that request, respondent respectfully asks that it be permitted to file a single, consolidated response brief equal to the total number of words allotted to all the opening briefs. In support of this motion the Department states as follows:

1.  Petitioners and intervenor in this consolidated case all challenge the same rule, *Enhancing Transparency of Airline Ancillary Service Fees*, 89 Fed. Reg. 34,620 (Apr. 30, 2024). The two sets of petitioners are: (1) airline associations and some but not all of their members, *see Airlines for America v. Dep't of Transportation* (5th Cir. No. 24-60231); and (2) Spirit Airlines, Inc., *see Spirit Airlines, Inc. v. U.S. Department of Transportation* (5th Cir. No. 24-60373). Frontier Group Holdings, Inc., has intervened on behalf of Spirit. Spirit filed its petition for review a month and a half after petitioners in *Airlines for America*, and that petition was subsequently transferred to this Court by operation of 28 U.S.C. § 2112(a). This Court consolidated both cases on July 29, 2024.

2.  Spirit and Frontier have been participating in the *Airlines for America* litigation. As petitioners in that matter recently represented to

this Court, "despite their late filing" a month and a half after petitioners sought review in *Airlines for America*, "Spirit and Frontier are already represented by the National Air Carrier Association (NACA), one of the Airline petitioners in *Airlines for America*." Petitioners' Letter at 3, *Airlines for Am.*, No. 24-60231 (July 29, 2024), Dkt. No. 60. As the *Airlines for America* petitioners explain, "[b]oth Spirit and Frontier are members of NACA." *Id.*

Further, Spirit and Frontier's participation in *Airlines for America* went beyond their membership in NACA. In that case, they filed a "Joint Declaration of Edward M. Christie III, President and Chief Executive Officer, Spirit Airlines, Inc., and Barry L. Biffle, Chief Executive Officer, Frontier Group Holdings, Inc. d/b/a Frontier Airlines," in support of petitioners' motion for a stay of the rule. *See* Special Appendix at SA112-SA123, *Airlines for Am.*, No. 24-60231 (June 14, 2024), Dkt. No. 37. Nowhere in that Joint Declaration did Spirit or Frontier urge that any interim or permanent relief the Court might issue in *Airlines for America* would not apply to them despite their named membership in NACA.

3.   Spirit and Frontier should not be permitted to file an opening brief as members of NACA and also file their own, separate briefs challenging the same rule. Instead, this Court should require that the *Airlines for*

3

*America* petitioners, Spirit, and Frontier file a single, joint brief not exceeding 13,000 words and a single, joint reply brief not exceeding 6,500 words. An orderly briefing schedule with one opening brief, one response brief, and one reply would avoid burdening the Court with unnecessary briefing while fully protecting all parties' ability to present their arguments to the Court. For example, the *Airlines for America* petitioners—including NACA, which counts Spirit and Frontier among its members—have already stated that they have put forth "the best arguments, which are already fully briefed before the Court" in their stay motion that was less than 5,200 words. *See* Letter, *supra*, at 3. There is no reason why petitioners and intervenor need to collectively file up to 39,000 words to present their arguments. And although counsel for Spirit and Frontier has informed respondent that those parties currently intend to jointly file a single opening brief and reply brief, the Court would still be burdened with up to 26,000 words even though Spirit's and Frontier's interests are already represented by their membership in NACA.

    4.    If this Court denies respondent's request, respondent respectfully requests that it be permitted to file a single, consolidated response brief equal to the total number of words allotted to all the opening briefs.

5. Petitioners in *Airlines for America* informed respondent that they oppose the motion and plan to file an opposition. Petitioner Spirit and Intervenor Frontier, represented by the same counsel, stated that Spirit and Frontier oppose the motion.

Respectfully submitted,

| | |
|---|---|
| *Of Counsel:* | BRIAN M. BOYNTON<br>  *Principal Deputy Assistant<br>    Attorney General* |
| SUBASH IYER<br>  *Acting General Counsel* | MICHAEL S. RAAB |
| PAUL M. GEIER<br>  *Acting Assistant General Counsel<br>   for Litigation and Enforcement* |  *s/ Martin Totaro*<br>MARTIN TOTARO |
| BLANE A. WORKIE<br>  *Assistant General Counsel for the<br>   Office of Aviation Consumer Protection* |   *Attorneys, Appellate Staff<br>   Civil Division, Room 7525<br>   U.S. Department of Justice<br>   950 Pennsylvania Avenue NW<br>   Washington, DC 20530*<br>   (202) 514-5048<br>   martin.v.totaro@usdoj.gov |
| PAULA LEE<br>  *Senior Trial Attorney* | |
| EMILY KVESELIS<br>  *Trial Attorney*<br>  U.S. Department of<br>    Transportation | |

August 2024

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2024, I electronically filed this motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

*s/ Martin Totaro*
Martin Totaro

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d) because it contains 701 words. This response also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Georgia 14-point font, a proportionally spaced typeface.

        *s/ Martin Totaro*
        Martin Totaro