No. 24-60231 c/w No. 24-60373

In the
# United States Court of Appeals
for the Fifth Circuit

No. 24-60231

AIRLINES FOR AMERICA; ALASKA AIRLINES, INC.;
AMERICAN AIRLINES, INC.; DELTA AIR LINES, INC.; HAWAIIAN AIRLINES, INC.;
JETBLUE AIRWAYS CORPORATION; UNITED AIRLINES, INC.; NATIONAL AIR
CARRIER ASSOCIATION; INTERNATIONAL AIR TRANSPORT ASSOCIATION,

*Petitioners*,

v.

DEPARTMENT OF TRANSPORTATION,

*Respondent*;

consolidated with

No. 24-60373

SPIRIT AIRLINES, INC.,

*Petitioner*,

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION,

*Respondent*.

On Petition for Review of a Final Rule of the
United States Department of Transportation
Agency No. 89 Fed. Reg. 34,620

**OPPOSITION TO RESPONDENT'S MOTION
TO CONSOLIDATE BRIEFS**

*(counsel information on inside cover)*

Alisha Q. Nanda
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
500 Boylston Street
Boston, MA 02116

Nicole Welindt
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
525 University Ave.
Palo Alto, CA 94301

Shay Dvoretzky
  *Counsel of Record*
Parker Rider-Longmaid
Kyser Blakely
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

*Counsel for Petitioners Airlines for America (A4A), National Air Carrier Association (NACA), and International Air Transport Association (IATA)*


Paul W. Hughes
Andrew A. Lyons-Berg
Nicole E. Wittstein
MCDERMOTT WILL
  & EMERY LLP
500 North Capitol St. NW
Washington, DC 20001

*Counsel for Petitioners A4A, NACA, Alaska Airlines, Inc., American Airlines, Inc., Delta Air Lines, Inc., Hawaiian Airlines, Inc., JetBlue Airways Corporation, and United Airlines, Inc.*

# CERTIFICATE OF INTERESTED PERSONS

**No. 24-60231**, *Airlines for America et al. v. Department of Transportation*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are so the judges of this Court may evaluate possible disqualification or recusal.

## I.   Petitioners

Petitioner Airlines for America has no parent corporation, and no corporation holds a 10% or greater ownership interest in it.

Petitioner National Air Carrier Association has no parent corporation, and no corporation holds a 10% or greater ownership interest in it.

Petitioner International Air Transport Association has no parent corporation, and no corporation holds a 10% or greater ownership interest in it.

Petitioner Alaska Airlines, Inc., is a wholly owned subsidiary of Alaska Air Group, Inc., a publicly held corporation. Blackrock, Inc., and The Vanguard Group each own 10% or more of Alaska Air Group, Inc.'s stock. No other publicly held corporation holds 10% or more of Alaska Airlines, Inc.'s or Alaska Air Group, Inc.'s stock.

Petitioner American Airlines, Inc., is a wholly owned subsidiary of American Airlines Group Inc., a publicly held corporation. No other publicly held corporation holds 10% or more of its stock.

Petitioner Delta Air Lines, Inc., is a publicly held corporation. It has no parent corporation, and no other publicly held corporation holds 10% or more of its stock.

Petitioner Hawaiian Airlines, Inc., is a wholly owned subsidiary of Hawaiian Holdings, Inc., a publicly held corporation. No other publicly held corporation holds 10% or more of its stock.

Petitioner JetBlue Airways Corporation is a publicly held corporation. It has no parent corporation, and Blackrock, Inc., and The Vanguard Group each own 10% or more of JetBlue Airways Corporation stock. No other publicly held corporation holds 10% or more of JetBlue Airways Corporation's stock.

Petitioner United Airlines, Inc., is a wholly owned subsidiary of United Airlines Holdings Inc. No other publicly held corporation holds 10% or more of United Airlines, Inc.'s stock.

**II.   Respondent**

The United States Department of Transportation is an agency of the federal government.

## III.  Interested parties

### A.  Counsel for Petitioners

Counsel for Petitioners in the litigation are:

- Shay Dvoretzky, Alisha Nanda, Parker Rider-Longmaid, Kyser Blakely, and Nicole Welindt; Skadden, Arps, Slate, Meagher & Flom LLP, for Petitioners Airlines for America, National Air Carrier Association, and International Air Transport Association

- Paul W. Hughes, Andrew A. Lyons-Berg, and Nicole E. Wittstein; McDermott Will & Emery LLP, for Petitioners Airlines for America, National Air Carrier Association, Alaska Airlines, Inc., American Airlines, Inc., Delta Air Lines, Inc., Hawaiian Airlines, Inc., JetBlue Airways Corporation, and United Airlines, Inc.

### B.  Opposing counsel

Opposing counsel in the litigation are:

- Martin Vincent Totaro, Nicholas S. Crown and Michael Raab, U.S. Department of Justice

- Subash S. Iyer, U.S. Department of Transportation

### C.  Other interested parties

The Court consolidated this case, No. 24-60231, and *Spirit Airlines, Inc. v. Department of Transportation*, No. 24-60373. Petitioners in No. 24-60231—the lead case—incorporate the certificates of interested persons that have been and will be filed in connection with *Spirit Airlines*, No. 24-60373.

To counsel's knowledge, there are no additional firms or persons with an interest in the outcome of the litigation.

Dated: August 5, 2024              */s/ Shay Dvoretzky*
                                   Shay Dvoretzky

                                   *Counsel for Petitioners*
                                   *A4A, NACA, & IATA*

## OPPOSITION TO RESPONDENT'S MOTION
## TO CONSOLIDATE BRIEFS

Petitioners in No. 24-60231—the Airlines—oppose Respondent the Department of Transportation's (DOT) motion to require the Airlines, on the one hand, and Spirit Airlines, Inc., and Frontier Group Holdings, Inc., on the other, to file joint briefs. The Airlines speak for the airline industry in challenging *Enhancing Transparency of Airline Ancillary Service Fees*, 89 Fed. Reg. 34,620 (Apr. 30, 2024) (the Rule). They include not only Alaska Airlines, Inc.; American Airlines, Inc.; Delta Airlines, Inc.; Hawaiian Airlines, Inc.; JetBlue Airways Corp.; and United Airlines, Inc., but also the industry trade groups—Airlines for America, the National Air Carrier Association, and the International Air Transport Association. The Airlines have worked and are working diligently, carefully, and collaboratively across stakeholders to present the best arguments to the Court within the limited space allowed by the Federal Rules of Appellate Procedure. Forcing the Airlines to share that limited space with Frontier and Spirit, who wish to supplement the Airlines' arguments with their own particular arguments and focus on the effects of the Rule on ultra-low-cost carriers, will disserve both the Airlines and,

ultimately, the Court in its decisionmaking process. The Airlines respectfully ask the Court to deny the motion.

**1.** The Airlines and Spirit and Frontier agree that the Rule is unlawful. But the Airlines, on the one hand, and Spirit and Frontier, on the other, have distinct business models, and thus different interests and arguments that joint briefing will prejudice.

**a.** All the Airlines agree that the Rule imposes onerous, unreasonable, and unlawful burdens on all airlines. The Airlines have extensively documented by declaration the millions and millions of dollars that complying with the Rule will cost, all for a supposed benefit that DOT has been unable to quantify through reasoned decisionmaking. As this Court has already recognized in granting a stay pending appeal, the Airlines "have submitted ample evidence detailing the irreparable harm" the Rule would inflict "absent a stay," including "expend[ing] significant resources reengineering their websites to comply with the Rule." Doc. 62-1, at 7, No. 24-60231 (Stay Order), *available at Airlines for America v. Department of Transportation*, No. 24-60231, 2024 WL 3580314 (5th Cir. July 29, 2024). Those costs, and the context they fit into, merit elaboration in the Airlines' briefing and are

especially legally significant given the Airlines' arguments that DOT failed to comply with the Administrative Procedure Act.

According to Spirit and Frontier, however, the costs they will face threaten the very "survival of the Low-Cost Airlines as they attempt to meet the impossible Rule compliance deadlines," because "the Rule intrudes on existential aspects of the Low-Cost Airlines' business models." Doc. 12-1, at 3, 7, No. 24-60373. The Airlines respectfully submit that Spirit and Frontier's interests may warrant separate elaboration, especially given the high stakes.

**b.** In addition, forcing the Airlines to share their 13,000-word allocation with Spirit and Frontier will not assist the Court in resolving their challenge to the Rule. This Court already stayed the Rule based on the Airlines' arguments, Stay Order 8, while declining to reach Spirit and Frontier's arguments, *see* Doc. 27, No. 24-60373. In their briefs, the Airlines intend to expand on their successful arguments and to address in more detail why DOT lacks statutory authority for the Rule because the statute authorizes only prohibition of unfair practices, not prescription of "fair" practices (the argument this Court found is likely correct, *see* Stay Order 3-4). The Airlines intend to address several critical issues, including:

- The government's contrary reading—that it can prescribe and not just prohibit—contravenes the major questions doctrine and raises grave constitutional concerns about the delegation of legislative power to prescribe codes of conduct.

- The Rule purports to regulate practices that are not unfair or deceptive within the meaning of 49 U.S.C. § 41712 or DOT's own regulations.

- The Rule violates the Administrative Procedure Act because it does not reflect reasoned decisionmaking.

- DOT unlawfully relied on new data without giving the public a meaningful opportunity to comment.

These arguments, along with the necessary legal, factual, and procedural background, will take space to develop—especially the record-intensive arguments that the Rule doesn't reflect reasoned decisionmaking.

Spirit also wishes to raise other statutory construction arguments and a First Amendment argument. Those arguments would take additional words to develop, and would necessarily do so at the expense of the important arguments outlined above, including the argument that this Court already found likely to succeed on the merits. The Airlines respectfully submit that it makes little sense to shortchange their arguments by forcing the parties to share joint briefs. The Court concluded that the Airlines "have made a strong showing that the Rule exceeds the agency's authority under

49 U.S.C. § 41712(a)." Stay Order 7. The Airlines respectfully submit that the Court should permit the Airlines to continue developing their arguments within the ordinary briefing limits—*i.e.*, 13,000 words and 6,500 words for the Airlines' opening and reply briefs—so that the Court can decisively resolve their challenge to the Rule.

**2.**   DOT's contrary arguments are unpersuasive.

DOT first argues that Spirit and Frontier shouldn't be able to participate as members of the National Air Carrier Association (NACA) and also file their own briefs. But NACA, Spirit, and Frontier are separate legal entities with distinct interests; NACA represents other airlines as well. And separate parties frequently file their own appellate briefs. For the reasons stated above, requiring the Airlines to accommodate Spirit and Frontier's supplemental arguments—at the expense of the arguments that the other named airlines, as well as Airlines for America, and the International Air Transport Association, are trying to advance—will not aid this Court's decisionmaking or promote judicial economy. It will not help to ensure that the Court has the benefit of fulsome briefing on the issues the Airlines deem most critical for the Court's review.

**3.** DOT alternatively argues that if the Court denies its request, DOT should be permitted to file a single brief of as many words as the combined word limit for the Airlines' opening brief and Spirit and Frontier's opening brief. The Airlines do not object to that request. The Airlines also observe that the Court could permit the Airlines—who speak for the industry and timely filed their challenge to the Rule, *see* Doc. 60, No. 24-60231 (explaining the procedural history of the cases before this Court)—to file their own 13,000-word opening brief and 6,500-word reply brief, while granting Spirit and Frontier some number of words to file their own supplemental opening brief and supplemental reply brief advancing the additional arguments they wish to raise. In that case, the Airlines would again not object to DOT's receiving the same number of words for its brief as the combined total of the Airlines' opening brief and Spirit and Frontier's supplemental opening brief.

## CONCLUSION

For the foregoing reasons, the Court should deny DOT's motion for joint briefing.

Dated: August 5, 2024

Respectfully submitted,

*/s/ Shay Dvoretzky*

| | |
|---|---|
| Alisha Q. Nanda<br>SKADDEN, ARPS, SLATE<br>　MEAGHER & FLOM LLP<br>500 Boylston Street<br>Boston, MA 02116<br><br>Nicole Welindt<br>SKADDEN, ARPS, SLATE,<br>　MEAGHER & FLOM LLP<br>525 University Ave.<br>Palo Alto, CA 94301 | Shay Dvoretzky<br>　*Counsel of Record*<br>Parker Rider-Longmaid<br>Kyser Blakely<br>SKADDEN, ARPS, SLATE,<br>　MEAGHER & FLOM LLP<br>1440 New York Ave., NW<br>Washington, DC 20005<br>Telephone: 202-371-7000<br>shay.dvoretzky@skadden.com |

*Counsel for Petitioners Airlines for America (A4A), National Air Carrier Association (NACA), and International Air Transport Association (IATA)*

Paul W. Hughes
Andrew A. Lyons-Berg
Nicole E. Wittstein
MCDERMOTT WILL
　& EMERY LLP
500 North Capitol St. NW
Washington, DC 20001

*Counsel for Petitioners A4A, NACA, Alaska Airlines, Inc., American Airlines, Inc., Delta Air Lines, Inc., Hawaiian Airlines, Inc., JetBlue Airways Corporation, and United Airlines, Inc.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that (1) this response to a motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, as calculated by Microsoft Word, it contains 1,152 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), and (2) this response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: August 5, 2024                     */s/ Shay Dvoretzky*
                                          Shay Dvoretzky

                                          *Counsel for Petitioners*
                                          *A4A, NACA, & IATA*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2024, I electronically filed this response to a motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: August 5, 2024                    */s/ Shay Dvoretzky*
                                                      Shay Dvoretzky

                                                      *Counsel for Petitioners*
                                                        *A4A, NACA, & IATA*