## No. 24-60231

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

Airlines for America; Alaska Airlines, Incorporated; American Airlines, Incorporated; Delta Air Lines, Incorporated; Hawaiian Airlines, Incorporated; Jetblue Airways Corporation; United Airlines, Incorporated; National Air Carrier Association; International Air Transport Association,

Petitioners,

v.

Department of Transportation,

Respondent

*consolidated with*

**No. 24-60373**

Spirit Airlines, Incorporated,

Petitioner,

v.

United States Department of Transportation,

Respondent.

On Petition for Review from the Department of Transportation,
89 Fed. Reg. 34,620

**RESPONDENT'S REPLY IN SUPPORT OF MOTION
TO CONSOLIDATE BRIEFS**

*Of Counsel:*
SUBASH IYER
  *Acting General Counsel*
PAUL M. GEIER
  *Acting Assistant General Counsel for
  Litigation and Enforcement*
BLANE A. WORKIE
  *Assistant General Counsel for the Office
  of Aviation Consumer Protection*
PAULA LEE
  *Senior Trial Attorney*
EMILY KVESELIS
  *Trial Attorney*

  *U.S. Department of Transportation*

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney
  General*
MICHAEL S. RAAB
MARTIN TOTARO
  *Attorneys, Appellate Staff
  Civil Division, Room 7525
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530*
  (202) 514-5048

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required, as respondent is a governmental party.  5th Cir. R. 28.2.1.

Petitioners in No. 24-60231 (*Airlines for America* petitioners) oppose consolidation of petitioners' and intervenor's briefing, but their response demonstrates why all petitioners and the intervenor should be required to file a single, joint brief not exceeding 13,000 words and a single, joint reply brief not exceeding 6,500 words. And they agree that, if this Court denies that request, respondent should be permitted to file a single, consolidated response brief equal to the total number of words allotted to all the opening briefs.

1.   Respondent explained that petitioners and intervenor in this consolidated case all challenge the same rule, *Enhancing Transparency of Airline Ancillary Service Fees*, 89 Fed. Reg. 34,620 (Apr. 30, 2024), and should be required to file a single, joint brief because Spirit Airlines, Inc. and Frontier Group Holdings, Inc. are already participating in the *Airlines for America* litigation. *See* Mot. 2-4. As the *Airlines for America* petition-ers previously stated, "Spirit and Frontier are already represented by the National Air Carrier Association (NACA), one of the Airline petitioners in *Airlines for America*." Petitioners' Letter at 3, *Airlines for Am.*, No. 24-60231 (July 29, 2024), Dkt. No. 60; *see* Special Appendix at SA123, *Airlines for Am.*, No. 24-60231 (June 14, 2024), Dkt. No. 37 (Spirit and Frontier Joint Declaration); A4A Opp. 1 (*Airlines for America* petitioners stating

that they "are working diligently, carefully, and collaboratively across stake-

holders to present the best arguments to the Court").

2.    The *Airlines for America* petitioners state that, even though

Spirit and Frontier are members of the National Air Carrier Association, all

three parties are "separate legal entities with distinct interests."  A4A Opp.

5.  But those interests aligned when Spirit and Frontier submitted a Joint

Declaration as members of that organization in support of the *Airlines for

America* petitioners.  And neither Spirit nor Frontier claimed in the *Air-

lines for America* litigation that "any interim or permanent relief the Court

might issue in Airlines for America would not apply to them despite their

named membership" in the National Air Carrier Association.  Mot. 3.  Spirit

and Frontier's participation in the *Airlines for America* litigation rebuts

any claim that they should also be allowed to file separate briefs.

3.    The *Airlines for America* petitioners do not object to respond-

ent's alternative request that the government be given the same number of

words in its response brief as the total number of words allocated to all the

opening briefs.  *See* A4A Opp. 6.  As explained in our motion, respondent

respectfully requests that the word limit for its response brief equal the

number of words allocated to all petitioners and intervenor.

Respectfully submitted,

*Of Counsel:*

SUBASH IYER
  *Acting General Counsel*

PAUL M. GEIER
  *Acting Assistant General Counsel*
  *for Litigation and Enforcement*

BLANE A. WORKIE
  *Assistant General Counsel for the*
  *Office of Aviation Consumer Pro-*
  *tection*

PAULA LEE
  *Senior Trial Attorney*

EMILY KVESELIS
  *Trial Attorney*

  *U.S. Department of*
    *Transportation*

BRIAN M. BOYNTON
  *Principal Deputy Assistant*
    *Attorney General*

MICHAEL S. RAAB

 *s/ Martin Totaro*
MARTIN TOTARO
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7525*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-5048*
  *martin.v.totaro@usdoj.gov*

August 2024

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2024, I electronically filed this reply with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

*s/ Martin Totaro*
Martin Totaro

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d) because it contains 430 words.  This response also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Georgia 14-point font, a proportionally spaced typeface.

*s/ Martin Totaro*
Martin Totaro